IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TONY SCHWARTZ,

        Plaintiff,

                                              3:15-cv-02075-PK

v.

                                               OPINION AND ORDER

CHRISTIANA TRUST, A DIVISION OF
WILMINGTON SAVINGS FUND SOCIETY,
FSB AS TRUSTEE OF ARLP TRUST 3;
BANK OF AMERICA, N.A.; AND
WILMINGTON TRUST, NATIONAL
ASSOCIATION, NOT IN ITS INDIVIDUAL
CAPACITY BUT AS TRUSTEE OF ARLP
SECURITIZATION TRUST, SERIES 2014-2,

        Defendants.

PAPAK, Magistrate Judge:

       Plaintiff Tony Schwartz brings this action against defendants Christiana Trust, a Division of Wilmington Savings Fund Society, FSB as trustee of ARLP Trust 3 ("Christiana Trust 3") and Bank of America, N.A. Schwartz seeks a declaratory judgment that he rescinded a loan and deed of trust under the provisions of the Truth in Lending Act. Schwartz also asserts claims under the Real Estate Settlement Procedures Act and the Fair Debt Collection Practices Act. Now before the court is a Motion to Substitute (#10) filed by nonparty Wilmington Trust, National Association, Not in Its Individual Capacity But as Trustee of ARLP Securitization Trust, Series 2014-2 ("Wilmington Trust"). For the reasons provided below, Wilmington Trust's Motion to Substitute is granted in part and denied in part.

OPINION AND ORDER—PAGE 1

## FACTUAL BACKGROUND

This case relates to a residential mortgage loan Schwartz obtained from Countrywide Bank in August of 2005 (the "Loan"). In exchange for the Loan, Schwartz executed a promissory note secured by a deed of trust against real property located at 22355 SW Stafford Road, Tualatin, Oregon (the "DOT"). Schwartz presents the court with the following sequence of assignments of the DOT:

> a. On April 14, 2011 MERS transferred/assigned its interest in the Deed of Trust to BAC HOME LOANS SERVICING, LP, FKA Countrywide Home Loans Servicing, LP (recorded 05/09/2011);
>
> b. Next there was an Assignment dated May 30, 2014 wherein BAC transferred to Christiana Trust, division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 3 (recorded 06/04/2014);
>
> c. Consequently, there was an "Corrective" Assignment dated July 14, 2014 wherein BAC transfers to Christiana Trust, division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 4 (recorded 7/21/14); and
>
> d. Finally, there was a Corporate Assignment dated April 21, 2015 wherein Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 4 assigns to "Wilmington Trust, N.A., not in its individual capacity but as Trustee of ARLP Securitization Trust, Series 2014-2 at c/o Altisource Asset (recorded 09/09/2015)[.]

Plf.'s Resp. 6 (#16). Schwartz has not offered any evidence of the above-quoted assignments. However, the parties agree that the final transfer from Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 4 ("Christiana Trust 4") to Wilmington Trust occurred on April 21, 2015. This final transfer is at the heart of Wilmington Trust's Motion to Substitute, as Wilmington Trust contends that it is now the sole owner of the beneficial interest under the DOT.

On August 27, 2015, Schwartz allegedly sent a written notice of rescission to Christiana Trust 4 and Bank of America. Schwartz did not send the notice to Wilmington Trust. Schwartz

OPINION AND ORDER—PAGE 2

contends that because neither Christiana Trust 4 nor Bank of America replied to his notice, the Loan and DOT were rescinded by operation of law on August 27, 2015.

## PROCEDURAL BACKGROUND

Wilmington Trust filed its Motion to Substitute (#10) on December 11, 2015. Schwartz filed his Response (#12) on January 8, 2016. Wilmington Trust filed its Reply (#17) on January 13, 2016. This matter is fully submitted and prepared for decision.

## LEGAL STANDARDS

### I. Substitution of Parties

Federal Rule of Civil Procedure 25(c) provides: "If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." "The decision to grant or deny substitution under Rule 25(c) rests within the sound discretion of the court." *Copelan v. Techtronics Indus. Co.*, 95 F. Supp. 3d 1230, 1235 (S.D. Cal. 2015) (citation omitted).

### II. Required Joinder of Parties

When feasible, Federal Rule of Civil Procedure 19(a) requires the court to join a person "who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction" if (1) "in that person's absence, the court cannot accord complete relief among existing parties" or (2) "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . as a practical matter impair or impede the person's ability to protect the interest . . . ."

## DISCUSSION

Wilmington Trust argues that the transfer of the DOT from Christiana Trust 4 to Wilmington Trust renders it the real party in interest under Federal Rule of Civil Procedure 17(a)

and warrants its substitution for Christiana Trust 3 as the proper defendant under Federal Rule of Civil Procedure 25(c). Wilmington Trust also appears to argue, in the alternative, that it should be joined as a necessary party under Federal Rule of Civil Procedure 19(a).[1] Schwartz has failed to provide any responsive argument regarding Federal Rules of Civil Procedure 17, 19, or 25. Rather, Schwartz improperly attempts to argue the merits of his claims.

For the reasons provided below, Wilmington Trust cannot substitute Christiana Trust 3. However, Wilmington Trust is a necessary party, and it is therefore joined as a codefendant in this action.

## I. Substitution of Parties and Real Party in Interest

Substitution of Wilmington Trust for Christiana Trust 3 as the real party in interest is not appropriate. As stated above, Rule 25(c) permits the trial court to substitute a transferee of an interest in the subject matter of the litigation for the original party in the action. However, the rule applies only to transfers of interest that occur during the pendency of litigation; it does not apply to transfers that occur before the litigation begins. *See, e.g., Flintkote Co. v. Aviva PLC*, No. 15-CV-01638-SI, 2015 WL 9269761, at *3 (N.D. Cal. Dec. 21, 2015) (citations omitted); *QSI-Fostoria DC, LLC v. General Elec. Capital*, 223 F.R.D. 465, 467 (N.D. Ohio 2004); *accord Andrews v. Lakeshore Rehab. Hosp.*, 140 F.3d 1405, 1407 (11th Cir. 1998) (citing *Mizukami v. Buras*, 419 F.2d 1319, 1320 (5th Cir. 1969)). It is undisputed that the transfer from Christiana Trust 4 to Wilmington Trust occurred on April 21, 2015. Schwartz initiated this action on November 4, 2015—after the transfer. Thus, Rule 25(c) is inapposite.

---

[1] I also have authority to consider required joinder of parties *sua sponte*. *See, e.g., Republic of Philippines v. Pimentel*, 553 U.S. 851, 861 (2008) (citations omitted); *CP Nat. Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 911 (9th Cir. 1991) (citations omitted).

Moreover, Rule 17(a) may be inapposite as well. That rule provides that an action must be *prosecuted* in the name of the real party in interest. Fed. R. Civ. P. 17(a) (emphasis added). However, in this case, Wilmington Trust is attempting to use Rule 17(a) to justify its substitution as a *defendant* in this action. Although neither the Ninth Circuit nor this court has squarely addressed the issue, many courts have concluded that "Rule 17(a) is limited to plaintiffs." *Real Party in Interest, Capacity, and Standing Compared*, 6A Fed. Prac. & Proc. Civ. § 1542 n.3 (3d ed.) (citing cases); *accord Jackson v. Rowlett*, No. S-05-2498 MCE GGHP, 2007 WL 840298, at *1 (E.D. Cal. Mar. 16, 2007); *Gardetto v. Mason*, 854 F. Supp. 1520, 1544 (D. Wyo. 1994) ("Thus, the rule, by its own terms, only applies to plaintiffs since that is the party who is 'prosecuting the action.'"); *Smith v. Janey*, 664 F. Supp. 2d 1, 8 n.3 (D.D.C. 2009) ("Fed. R. Civ. P. 17(a)(3) applies only to prosecuting in the name of the real party in interest, and has nothing to do with failing to identify the appropriate defendant."); *but see BP Oil, Inc. v. Bethlehem Steel Corp.*, 536 F. Supp. 293, 295 (E.D. Pa.1982). However, in light of my finding that substitution under Rule 25(c) is inappropriate because the transfer preceded this litigation and my finding regarding required joinder, *see infra*, I need not decide whether Rule 17(a) can be used to support substitution of a defendant or whether it is limited to plaintiffs.

## II. Required Joinder of Parties

Although substitution of Wilmington Trust is not warranted under Rule 25(c), I find that Wilmington Trust must be joined as a necessary party under Rule 19(a). As stated above, Rule 19(a) sets forth a two-pronged inquiry to determine whether a person is a necessary party.

> First, the court must determine whether complete relief can be afforded if the action is limited to the existing parties. [*Confederated Tribes of Chehalis Indian Reservation v. Lujan*, 928 F.2d 1496, 1498 (9th Cir.1991)]; Fed. R. Civ. P. 19(a)(1)(A). Second, the court must determine whether the absent party has a "legally protected interest" in the subject of the action and, if so, whether the party's absence will "impair or impede" the party's ability to protect that interest

> or will leave an existing party subject to multiple, inconsistent legal obligations with respect to that interest. *Id.* If the answer to either of those questions is affirmative, then the party is necessary and "must be joined." Fed. R. Civ. P. 19(a)(1).

*White v. Univ. of California*, 765 F.3d 1010, 1026 (9th Cir. 2014).

Wilmington Trust satisfies both prongs of the Rule 19(a) inquiry. First, complete relief cannot be afforded in its absence. Schwartz seeks a declaratory judgment rescinding the DOT and an injunction barring Defendants from enforcing the terms thereof. *See* Compl. 6-9. As stated above, Wilmington Trust alleges it is the assignee and sole beneficiary of the DOT and the current owner of the Loan. Thus, the declaratory and injunctive relief sought by Schwartz could be incomplete unless Wilmington Trust is bound by *res judicata*. *See E.E.O.C. v. Peabody W. Coal Co.*, 400 F.3d 774, 780 (9th Cir. 2005); *Wright v. Incline Vill. Gen. Imp. Dist.*, 597 F. Supp. 2d 1191, 1206 (D. Nev. 2009) ("[W]here a plaintiff seeks injunctive or declaratory relief and a third-party has an enforceable interest in the subject matter of the dispute, the court cannot grant complete relief in the third party's absence."). If Schwartz succeeds in this suit without Wilmington Trust as a party, Wilmington Trust would not be precluded from enforcing the terms of the DOT. Complete relief therefore cannot be afforded in Wilmington Trust's absence. *See Peabody*, 400 F.3d at 780; *Wright*, 597 F. Supp. 2d at 1206.

Moreover, Wilmington Trust claims a legally protected interest in the DOT, and its ability to protect that interest will be impaired or impeded if it is not joined as a party in this action.[2] Because Wilmington Trust alleges it is the assignee and sole beneficiary of the DOT

---

[2] At this stage of the proceedings, I need not decide whether the transfer of the DOT from Christiana Trust 4 to Wilmington Trust was valid and created a legitimate interest on the part of Wilmington Trust. Rule 19 protects "a party's right to be heard and to participate in adjudication of a claimed interest, even if the dispute is ultimately resolved to the detriment of that party." *Shermoen v. United States*, 982 F.2d 1312, 1317 (9th Cir.1992). "Indeed, the language of [Rule

and the current owner of the Loan, it must be joined as a codefendant so that it can protect its interests.

In sum, Wilmington Trust is a necessary party under Rule 19(a), and it is therefore joined as a codefendant in this action.

## CONCLUSION

For the reasons provided above, Wilmington Trust's Motion to Substitute (#10) is granted in part and denied in part. Wilmington Trust's request to substitute Christiana Trust 3 as a defendant is denied. Wilmington Trust's alternative request to join in this action as a necessary party is granted.

Dated this 22nd day of January, 2016.

/s/ _____
Honorable Paul Papak
United States Magistrate Judge

---

19(a)] contemplates that a party need only have a 'claim' to an interest." *White*, 765 F.3d at 1026-27 (quoting Fed. R. Civ. P. 19(a)(2)).

OPINION AND ORDER—PAGE 7