IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TONY SCHWARTZ,

      Plaintiff,

      v.

CHRISTIANA TRUST, A DIVISION OF
WILMINGTON SAVINGS FUND SOCIETY,
FSB AS TRUSTEE OF ARLP TRUST 3 and
BANK OF AMERICA, N.A.
           Defendants.

3:15-cv-02075-PK

FINDINGS AND
RECOMMENDATION

PAPAK, Magistrate Judge:

Plaintiff Tony Schwartz brings this action against defendants Christiana Trust, a Division of Wilmington Savings Fund Society, FSB as trustee of ARLP Trust 3 ("Christiana Trust 3") and Bank of America, N.A ("BANA").  Schwartz asserts claims under the Truth in Lending Act ("TILA"); the Fair Debt Collection Practices Act ("FDCPA"); and the Real Estate Settlement Procedures Act ("RESPA").

Now before the court are Christiana Trust 3's Request for Judicial Notice (#29), Christiana Trust 3's Motion to Dismiss (#27), BANA's Request for Judicial Notice (#32), and BANA'S Motion to Dismiss (#31).  For the reasons provided below, both requests for judicial notice and both motions to dismiss should be granted.

## BACKGROUND[1]

This case relates to a residential mortgage loan Schwartz obtained from Countrywide Bank on or about August 12, 2005 (the "Loan"). Am. Compl. ¶ 1 (#26). Schwartz executed a promissory note (the "Note") in exchange for the Loan. Laurick Decl. Ex. A (#33-1). Schwartz also executed a deed of trust against real property located at 22355 SW Stafford Road, Tualatin, Oregon (the "DOT") as security for the Loan. Am. Compl. ¶ 1 (#26). Both the Note and the DOT identified the lender as Countrywide Bank, a Division of Treasury Bank, N.A. Laurick Decl. Ex. A, at 1 (#33-1); Request for Judicial Notice Ex. 1, at 1 (#29). The Mortgage Electronic Registration System, Inc. ("MERS") was the initial beneficiary under the DOT. *See* Request for Judicial Notice Ex. 1, at 1 (#29). The DOT was subsequently assigned to BANA, and that assignment was recorded on May 9, 2011. Am. Compl. ¶ 1 (#26).

Schwartz received a Notice of Default on or about October 20, 2011. *Id.* at ¶ 6. The Notice of Default was rescinded in August of 2012. *Id.* at ¶ 7.

BANA then assigned the DOT to Christiana Trust, a division of Wilmington Savings Fund Society, FSB, Not in Its Individual Capacity But as Trustee of ARLP Trust 4 ("Christiana Trust 4"), and that assignment was recorded on July 21, 2014. *Id.* ¶ 1. Finally, on or about April 21, 2015, Christiana Trust 4 transferred the DOT to Wilmington Trust, National Association, Not in Its Individual Capacity But as Trustee of ARLP Securitization Trust, Series 2014-2 ("Wilmington Trust"). Request for Judicial Notice Ex. 2 (#29).

On August 27, 2015, Schwartz allegedly sent Defendants a Notice of Rescission (the "Notice") by certified mail. Am. Compl. ¶ 8, Ex. A, Ex. B (#26 – #26-2). The Notice provided,

---

[1] Except where expressly indicated otherwise, I construe the allegations in Plaintiff's Complaint, any matters incorporated by reference therein, and any matters properly subject to judicial notice in the light most favorable to Plaintiff.

in pertinent part: "According to the United States Supreme Court Ruling [sic] in *Jesinowski v. Countrywide Home Loans* (USSC Case 13-684), the Note and Deed of Trust are extinguished by operation of law from the date this letter is mailed to the borrower's lender." Am. Compl. Ex. A (#26-1). The notice further stated that the recipients had 20 days to return all money and file a conveyance in the county records or, alternatively, to file a court action contesting the rescission. *Id.* Defendants did not respond to the Notice. Am. Compl. ¶ 8 (#26).

Schwartz also alleges that he sent Defendants a qualified written request for information ("QWR") about the Loan on September 3, 2015. *Id.* ¶ 7. Defendants failed to respond to the purported QWR. *Id.*

Schwartz then initiated this suit on November 4, 2015. Schwartz alleges that he rescinded the Loan by sending the August 27, 2015 Notice. According to Schwartz, any further attempts by Defendants to collect on the Loan or pursue foreclosure are prohibited by the FDCPA. Schwartz also claims that Defendants violated RESPA by failing to respond to the purported QWR.

## LEGAL STANDARD

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" specifically, it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To raise a right to relief above the speculative level, "[t]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)); *see also* Fed. R. Civ. P. 8(a). Instead, the plaintiff must plead affirmative factual content, as opposed to a

conclusory allegation that the elements of a claim have been satisfied, that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). Additionally, "all material allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (citing *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir.1996)). The court also "presume[s] that general allegations embrace those specific facts that are necessary to support the claim." *Nat'l Org. for Women v. Scheidler*, 510 U.S. 249, 256 (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). The court need not, however, accept as true legal conclusions "cast in the form of factual allegations." *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). When granting a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir.1990).

## DISCUSSION

### I.    Judicial Notice

Christiana Trust 3 requests that the court take judicial notice of the recorded DOT securing the Loan and the recorded April 21, 2015 assignment of the DOT from Christiana Trust 4 to Wilmington Trust. *See* Request for Judicial Notice (#29). BANA further requests the court

to judicially notice or, alternatively, incorporate by reference the Note executed by Schwartz in exchange for the Loan.  Both defendants' requests should be granted.

The recorded DOT and assignment are subject to judicial notice.  The Federal Rules of Evidence permit courts to "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).  That rule encompasses publically recorded property records.  *See, e.g.*, *Lombera v. Wells Fargo Bank, N.A.*, No. C 12-06463 LB, 2013 WL 1632702, at *2 (N.D. Cal. Apr. 16, 2013) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001)).

Additionally, the Note may be properly considered under the doctrine of incorporation by reference.  On a motion to dismiss, the court may consider documents that are incorporated by reference into a plaintiff's complaint.  *See, e.g.*, *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).  Such documents are treated as part of the complaint, and consequently, the court assumes that their contents are true for the purposes of a Rule 12(b)(6) motion to dismiss.  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

A document is incorporated by reference when its "contents are alleged in a complaint" and no party questions its authenticity.  *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir.1999) (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.1994)).  A document may also be incorporated by reference where "the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."  *Ritchie*, 342 F.3d at 908 (citations omitted).  Additionally, the Ninth Circuit has extended the incorporation by reference doctrine "to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of

the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel*, 393 F.3d at 1076 (citations omitted).

Here, Schwartz refers to the Note in his Amended Complaint. *See* Am. Compl. ¶¶ 7-8, 18-19 (#26). Additionally, because Schwartz seeks rescission of the Note, his claims clearly depend on that document. Therefore, the Note is properly considered under the doctrine of incorporation by reference. *See Knievel*, 393 F.3d at 1076 (citations omitted); *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d at 986 (quoting *Branch*, 14 F.3d at 454).

## II.    TILA

Through his First Claim for Relief, Schwartz seeks a declaration that he rescinded the Loan pursuant to TILA. Defendants argue that Schwartz fails to state a TILA claim because his right to rescind had expired at the time he sent the Notice. I agree.

TILA is intended "to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a). As such, TILA contains a "buyer's remorse" provision, which permits residential borrowers to rescind loans in certain circumstances. *Semar v. Platte Valley Fed. Sav. & Loan Ass'n*, 791 F.2d 699, 701 (9th Cir. 1986) (internal quotation marks omitted) (citing 15 U.S.C. § 1635(a)). As this court recently explained:

> The effect of this provision is to create two separate rescission rights. The first is an unconditional right to rescind, good for three business days after the transaction. *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 792 (2015). The second is a conditional right. *Id.* If more than three days have passed since the transaction was consummated, the right to rescind exists only if the lender has failed to provide the required information, forms, and disclosures. This conditional right does not last forever; it expires . . . three years [after the transaction was consummated] or upon the sale of the property [e]ven if a lender *never* makes the required disclosures[.] *Id.*

*Paatalo v. JPMorgan Chase Bank*, No. 6:15-CV-01420-AA, 2015 WL 7015317, at *3 (D. Or. Nov. 12, 2015) (alterations in original) (internal quotation marks omitted); *accord Divers v. PNC*

*Bank, Nat'l Ass'n*, No. 3:15-CV-01413-SI, 2016 WL 447841, at *2-3 (D. Or. Feb. 4, 2016).

Thus, TILA's three-year limitation period "completely extinguishes the right of rescission."

*Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998) (citing 15 U.S.C. § 1635(f)).

The primary issue I must resolve in determining whether Schwartz has stated a plausible

TILA claim is when Schwartz's Loan was consummated.  Defendants contend that the Loan was

consummated when Schwartz signed the Note and DOT on August 12, 2005.  If that is the case,

Schwartz's right of rescission expired, at the latest, on August 12, 2008—more than seven years

before he attempted to rescind the Loan by sending the Notice.  Schwartz contends that the Loan

was never consummated because the lender was never sufficiently identified.

For the purposes of TILA, "[c]onsummation means the time that a consumer becomes

contractually obligated on a credit transaction."  12 C.F.R. § 226.2(a)(13).  Under TILA, "the

date of consummation is governed by state law."  *In re Ramsey*, 176 B.R. 183, 187 (B.A.P. 9th

Cir. 1994) (citations omitted).  "[A] loan is not 'consummated' until the actual lender is

identified, because until that point there is no legally enforceable contract."  *Id.*[2]  Relying on

*Ramsey*, Schwartz argues that the Loan was never consummated because the DOT named

Countrywide Bank, a Division of Treasury Bank, N.A. as the lender, but the U.S. Department of

Housing and Urban Development Settlement Statement related to the Loan (the "HUD

Statement")—which is unsigned—named Countrywide Home Loans as the lender.  *Compare*

---

[2] The *Ramsey* court's holding was based on California contract law requiring the essential terms of an agreement—including the identities of the parties—to be set forth before the agreement becomes legally binding. *See Jackson v. Grant*, 890 F.2d 118, 121 (9th Cir. 1989) (citing Cal. Civ. Code § 1558), *cited with approval in, In re Ramsey*, 176 B.R. 183, 187 (B.A.P. 9th Cir. 1994).  I have serious questions about the applicability of California law to this case.  However, I need not engage in a potentially complicated choice of law analysis, as Oregon law also requires the parties to a contract to be identified before the contract can be legally binding. *See Genest v. John Glenn Corp.*, 696 P.2d 1058, 1075 (Or. 1985).

Request for Judicial Notice Ex. 1, at 1 (#29) (DOT), *with* Paatalo Decl. Ex. F, at 1 (#26-3).  I am not persuaded.

Schwartz's own authority clearly establishes that a loan is consummated on the date the borrower signs a deed of trust and promissory note agreeing to borrow money from an identifiable lender. *In re Ramsey*, 176 B.R. at 187 ("[W]e hold that Ramsey was 'legally obligated' to the financing terms as of September 13, 1989—the date he signed the promissory note and deed of trust and agreed to borrow money from an identifiable lender.").  Here, both the DOT and the Note identified Countrywide Bank as the lender.  Laurick Decl. Ex. A, at 1 (#33-1); Request for Judicial Notice Ex. 1, at 1 (#29).  Schwartz signed those documents on August 12, 2005.  Laurick Decl. Ex. A, at 1, 4 (#33-1); Request for Judicial Notice Ex. 1, at 1, 11 (#29).  Consequently, that is the date the Loan was consummated.  *See In re Ramsey*, 176 B.R. at 187.  The unsigned HUD Statement does not change that conclusion.

Schwartz did not send his Notice of Rescission until August 27, 2015—ten years after the consummation of the transaction and seven years after the expiration of his arguably latest right to rescind.  *See* Am. Compl. ¶ 8, Ex. A, Ex. B (#26 – #26-2); 15 U.S.C. § 1635(f).  Defendants' purported failure to respond to the Notice did not revive Schwartz's right to rescind.  *See Beach*, 523 U.S. at 414 ("Congress . . . included no saving clause to revive an expired right of rescission."); *accord Divers*, 2016 WL 447841, at *3.  Indeed, the express language of 15 U.S.C. § 1635(f) requires a lender to respond to a notice of rescission only when a borrower "exercises his rights to rescind" under the Act.  However, at the time Schwartz sent the Notice, he no longer had a right to rescind, and as a result, Defendants were not required to respond.  *See id.* Consequently, Schwartz's TILA claim should be dismissed with prejudice.

### III.   FDCPA

Schwartz's FDCPA claim is based entirely on his TILA claim. *See* Am. Compl. ¶ 33 (#26) ("A letter of rescission was sent out formally rescinding the loan and security instruments per 15 U.S.C. § 1635. Any attempt to collect this debt from this point forward and to engage in a foreclosure action is a violation of Fair Debt Collection Practices Act . . . in that the debt is no longer valid."). Because Schwartz has failed to state a TILA claim, he has also failed to adequately allege that Defendants violated the FDCPA by attempting to collect a debt that was void under TILA. Therefore, Schwartz's FDCPA claim also should be dismissed with prejudice.

### IV.   RESPA

Through his Second Claim for Relief, Schwartz alleges Defendants violated RESPA by failing to respond to the purported QWR. *See* 12 U.S.C. § 2605(e)(1)-(2) (requiring loan servicers to respond to QWRs). Defendants argue that Schwartz fails to state a RESPA claim because he did not plead: (1) that he sent Defendants a QWR, (2) that Christiana Trust 3 was a servicer of the Loan, (3) that Schwartz suffered actual damages as a result of Defendants' purported RESPA violation, or (4) that Defendants engaged in a pattern or practice of noncompliance that warrants statutory damages. I agree with all of Defendants' arguments, except the first argument to the extent it pertains to BANA.

Schwartz's RESPA claim is woefully inadequate as plead. First, Schwartz failed to adequately allege that he sent Christiana Trust 3 a QWR. A QWR is defined as "a written correspondence . . . that—(i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." *Id.* § 2605(e)(1)(B). "Thus, to be

liable under RESPA for the failure to respond to a QWR, the plaintiff must, as a threshold requirement, demonstrate that the request for information contained a statement of error regarding the loan service or otherwise sought information relating to the receipt of any scheduled periodic payments." *Vettrus v. Bank of Am., N.A.*, No. 6:12-CV-00074-AA, 2012 WL 2905167, at *8 (D. Or. July 13, 2012).

Schwartz's Amended Complaint, on its face, contains insufficient facts regarding the purported QWR. However, Schwartz attached the purported QWR as Exhibit A to his Response. Resp. Ex. A (#35-1). Because Schwartz's Amended Complaint identifies and relies on the purported QWR, I may consider it under the doctrine of incorporation by reference. *See, e.g.*, *Knievel*, 393 F.3d at 1076. The letter attached as Exhibit A identifies the Loan number, borrower name, and property address. Resp. Ex. A, at 1 (#35-1). It also raises concerns about "incorrect or inaccurate application of [Schwartz's] payments." *Id.* Additionally, the letter requests information relating to, *inter alia*, whether Schwartz's payments had been used to pay off legal fees, property fees, broker fees, bankruptcy monitoring fees, or arrears. *See id.* at 1-2. Schwarz has therefore sufficiently alleged that the letter attached as Exhibit A qualifies as a QWR. *See* 12 U.S.C. § 2605(e)(1)(B); *Vettrus*, 2012 WL 2905167, at *8. However, the letter was addressed to only BANA and Christiana Trust 4, which is not a party to this action. Resp. Ex. A, at 1 (#35-1). Schwartz therefore failed to adequately allege that he sent Christiana Trust 3 a QWR.[3]

---

[3] Schwartz's Amended Complaint alleges that he sent a QWR to "Defendants." Compl. ¶ 3 (#1). However, that allegation is conclusory and not entitled to a presumption of truth. *See, e.g.*, *Lettenmaier v. Fed. Home Loan Mortg. Corp.*, No. CV-11-156-HZ, 2011 WL 3476648, at *12 (D. Or. Aug. 8, 2011) ("Plaintiffs' assertion that it sent a QWR is a conclusory allegation which does not 'contain sufficient factual matter . . . to state a claim to relief that is plausible on its face.'" (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009))), *supplemented*, No. CV-11-156-HZ, 2011 WL 3476661 (D. Or. Aug. 8, 2011).

Additionally, Schwartz also failed to allege that Christiana Trust 3 was a servicer[4] of the Loan. "RESPA governs 'the servicing of the loan, rather than the creation or modification of the loan.'" *Vettrus*, 2012 WL 2905167, at *7 (quoting *Gates v. Wachovia Mortg., FSB*, 2010 WL 2606511, *3 (E.D. Cal. June 28, 2010)); *see* 12 U.S.C. § 2605(e)(1)(A). Thus, RESPA requires only loan servicers to respond to QWRs. *See Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 665 (9th Cir. 2012) (citing 12 U.S.C. § 2605(e)(1)(A)). Because Schwartz did not allege that Christiana Trust 3 was a servicer of the Loan, he has failed to state a RESPA claim against that defendant.[5] *See Das v. WMC Mortgage Corp.*, No. 10-CV-00650-LHK, 2012 WL 1657111, at *8 (N.D. Cal. May 10, 2012) (dismissing RESPA claim for failure to allege that the defendants were loan servicers); *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1196 (E.D. Cal. 2010) (same).

Finally, Schwartz also failed to adequately allege damages under his RESPA claim. RESPA's damages provision provides: "Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts: . . . (A) any actual damages to the borrower as a result of the failure; and (B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $2,000." 12 U.S.C. § 2605(f)(1). Thus, "RESPA requires that plaintiffs establish that any RESPA violation resulted in actual damages. . . . [S]tatutory damages are allowed as 'additional' damages to the actual damages, and only upon the

---

[4] A loan "servicer" means "the person responsible for servicing of a loan (including the person who makes or holds a loan if such person also services the loan)." 12 U.S.C. § 2605(i)(2). The term "servicing" means, "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3).

[5] BANA does not dispute that it was a servicer of the Loan. However, as explained below, Schwartz's RESPA claim against BANA fails because he did not adequately allege damages.

finding of a pattern or practice of noncompliance." *Lettenmaier*, 2011 WL 3476648, at \*12 (citations omitted).

In this case, Schwartz pleaded only the following damages allegation under his RESPA claim: "Under Section 2605 of Title 12, Plaintiff is entitled to statutory damages in the amount of $2,000 per violation." Compl. ¶ 31 (#1). Schwartz therefore failed to plead actual damages or a pattern or practice of noncompliance warranting statutory damages. Each of those pleading defects warrants dismissal of Schwartz's RESPA claim. *See Moore v. Wells Fargo Bank, NA*, No. 3:13-CV-00170-PA, 2013 WL 3965313, at \*7 (D. Or. Aug. 1, 2013); *Lettenmaier*, 2011 WL 3476648, at \*12-13; *Lal v. Am. Home Servicing, Inc.*, 680 F. Supp. 2d 1218, 1223 (E.D. Cal. 2010).

In sum, Schwartz has failed to state a TILA or FDCPA claim because his right to rescind had expired by the time he sent the Notice. Schwartz has also failed to state a RESPA claim because he did not sufficiently allege damages. Schwartz's RESPA claim against Christiana Trust 3 also fails for the additional reasons that Schwartz did not allege that he sent Christiana Trust 3 a QWR or that Christiana Trust 3 was a servicer of the Loan. All of Schwartz's claims should therefore be dismissed.

Defendants accurately note that they put Schwartz on notice of the pleading deficiencies discussed herein through their prior motions to dismiss his original Complaint. Schwartz nevertheless failed to cure any of those deficiencies though his Amended Complaint. Defendants argue that Schwartz has therefore demonstrated that he is unable to cure the defects and his claims should be dismissed with prejudice since any amendment would be futile. Schwartz does not oppose Defendants' request that any dismissal of his claims be with prejudice.

I agree with Defendants that Schwartz has demonstrated through his failure to cure his defective pleading that he cannot cure, and therefore, any amendment would be futile. Consequently, Schwartz's claims should be dismissed with prejudice. *See, e.g.*, *Vasquez v. Los Angeles Cty.*, 487 F.3d 1246, 1258 (9th Cir. 2007) (holding that futility of amendment is a proper basis for dismissal without leave to amend (citing *Schmier v. U.S. Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002))); *Fed. Nat'l Mortg. Ass'n v. Wages*, No. 11-CV-05396 RBL, 2011 WL 5138724, at *2 (W.D. Wash. Oct. 28, 2011) ("[W]here the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend." (citing *Albrecht v. Lund*, 845 F.2d 193, 195–196 (9th Cir.1988))).

## CONCLUSION

For the reasons provided above, Christiana Trust 3's Request for Judicial Notice (#29), Christiana Trust 3's Motion to Dismiss (#27), BANA's Request for Judicial Notice (#32), and BANA'S Motion to Dismiss (#31) should be granted. Schwartz's Amended Complaint should be dismissed with prejudice. Judgment should be entered accordingly.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

/ /

/ /

/ /

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 2nd day of June, 2016.

Honorable Paul Papak
United States Magistrate Judge